# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| Robert Register, | : |
| Plaintiff, | : Civil Action No.: 5:12-cv-03074 |
| v. | : JUDGE: |
| Credit Bureau of the South, Inc.; and DOES 1-10, inclusive, | : MAGISTRATE JUDGE: |
| Defendants. | : |

## COMPLAINT

For this Complaint, the Plaintiff, Robert Register, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Robert Register ("Plaintiff"), is an adult individual residing in Shreveport, Louisiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Credit Bureau of the South, Inc. ("Credit"), is a Louisiana business entity with an address of 600 Common Street, Shreveport, Louisiana 71101, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Credit and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Credit at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Alleged Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The alleged Debt was purchased, assigned or transferred to Credit for collection, or Credit was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Credit Engages in Harassment and Abusive Tactics

12. Beginning in approximately June 2012, Defendants contacted Plaintiff in an attempt to collect the alleged Debt.

13. In response to receiving a letter from Defendants, Plaintiff placed a call to Defendants on or about the beginning of June 2012, during which Plaintiff stated that he did not recall the Debt and wanted to dispute the same.

14. Plaintiff subsequently spoke to the Creditor, who confirmed that the Debt was a mistake and they would have Defendants cease collection efforts.

15. In or around June 2012, Plaintiff mailed Defendants a registered letter disputing the alleged Debt.

16. During the latter part of June 2012, Defendants contacted Plaintiff, stating they would contact Plaintiff's employer, and furthermore insinuated that Defendants were going to look into "other means" to collect the Debt, which caused Plaintiff stress and anxiety.

17. Plaintiff is a civilian contractor with the government, and issues relating to debt or credit have a direct effect on his ability to maintain his security clearance. Therefore, Defendants' threats were particularly distressing to Plaintiff.

18. That same day, Plaintiff placed a call to Defendants and stated that he previously sent Defendants a letter disputing the alleged Debt.

19. Defendants replied to Plaintiff that either he pay the Debt or "face the consequences," and then abruptly terminated the call with Plaintiff.

20. To present date, no legal actions have been taken against Plaintiff.

### C. Plaintiff Suffered Actual Damages

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

27. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been verified.

32. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

36. Louisiana further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Louisiana state law.

37. The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

38. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) and Louisiana law requirements for an invasion of privacy.

39. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

40. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

42. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

43. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Louisiana.

44. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to La. Rev. Stat. Ann. §9-625;

5. Actual damages from the Defendants for the all damages including emotional

       distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 13, 2012

      Respectfully submitted,

      By: ___/s/ Kenneth D. McLean_____
      Kenneth D. McLean, Esq. (LSB No. 30190))
      THE McLEAN LAW FIRM, LLC
      P.O. Box 38161
      Germantown, TN 38183-0161
      Telephone: (901) 326-6888
      Facsimile: (901) 531-8102
      Attorneys for Plaintiff

      Of Counsel To:

      LEMBERG & ASSOCIATES L.L.C.
      1100 Summer Street, 3rd Floor
      Stamford, CT 06905
      Telephone: (203) 653-2250
      Facsimile:  (203) 653-3424